# Supreme Court of Texas

———

No. 25-0288

———

Brian Keith Umphress,

*Appellant*,

v.

Gary L. Steel, in his official capacity as chair of the State
Commission on Judicial Conduct, et al.,

*Appellees*

———

On Certified Question from the United States
Court of Appeals for the Fifth Circuit

———

CHIEF JUSTICE BLACKLOCK, concurring in the denial of the motion
for rehearing.

The Court is in receipt of a "Motion for Clarification" filed by the
State Commission on Judicial Conduct in response to the Court's
one-page per curiam opinion answering a certified question in *Umphress
v. Steel*, ___ S.W.3d ___, 2026 WL 73870 (Tex. Jan. 9, 2026). The rules
of appellate procedure authorize a motion for rehearing, TEX. R. APP. P.
64, 58.10, but not a "motion for clarification." The motion lacks the
certificate of conference required by Rule 10.1(a)(5). The Court
generously construes the motion as one for rehearing and denies it
rather than refusing to file it or dismissing it as out of order.

I gather from the motion that the Commission must believe the Court did not carefully read and understand the question certified by the Fifth Circuit. Rest assured, we did. The certified question, which we reproduced verbatim in our per curiam opinion, was:

> Does Canon 4A(1) of the Texas Code of Judicial Conduct prohibit judges from publicly refusing, for moral or religious reasons, to perform same-sex weddings *while continuing to perform opposite-sex weddings*?

*Umphress*, ___ S.W.3d at ___, 2026 WL 73870, at *1 (emphasis added). The answer to this question, which we gave as directly and as plainly as can be given in the English language, is "no." *Id.* ("Accordingly, the answer to the certified question is no."). Only a lawyer could fail to appreciate the decisive clarity of so simple and useful a word as "no."

The Commission thinks the Court's brief explanation of its answer—which was to quote the Comment we recently added to the Code of Judicial Conduct—is insufficient to justify the Court's "no" answer to the aspect of the certified question italicized above.[1] Of course, the insufficiency of a court's *explanation* of its answer in the mind of the losing party has nothing to do with the *clarity* of the court's answer. There is no clearer answer than "no." In any event, the Court obviously thinks its explanation sufficient to justify its answer. Otherwise, we would not have given it.

The Court's one-word answer to the certified question (yes, the entire certified question) is as far from needing clarification as it is

---

[1] *See* Tex. Code Jud. Cond., Canon 4 cmt. ("It is not a violation of these canons for a judge to publicly refrain from performing a wedding ceremony based upon a sincerely held religious belief.").

2

possible for any answer to be.  I therefore concur in the denial of the "Motion for Clarification."

_____

James D. Blacklock
Chief Justice

**OPINION FILED:** February 20, 2026